Estate of Wilson Linn Hemingway, Deceased, Mrs. Miriam H. Bealke and Mercantile Trust Company, Executors v. Commissioner.
Estate of Hemingway v. Commissioner
Docket No. 76103.
United States Tax Court
T.C. Memo 1960-190; 1960 Tax Ct. Memo LEXIS 101; 19 T.C.M. (CCH) 995; T.C.M. (RIA) 60190; September 14, 1960
*101 The fair market value of three pieces of property as of the date of death of decedent determined. John P. Sullivan, Esq., 705 Olive Street, St. Louis, Mo., for the petitioners. H. Tracy Huston, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined an estate tax deficiency in the amount of $34,099.33. Petitioners assign as errors: (1) The respondent's determinations that the Hemingway farm, the Hale Bath House, and the residence had greater values than that returned by petitioners or set forth in their refund claim; (2) the disallowance of certain administration and funeral expenses; and (3) the disallowance of a refund claim in the amount of $14,457.75. The parties have stipulated the amount of expenses and this will be given effect to under Rule 50. The amount of legal and accounting fees paid or to be paid by petitioners for services rendered or to be rendered and other disbursements will be submitted and agreed upon in the recomputation under Rule 50. Findings of Fact Some of the facts were stipulated by written agreement of the parties and are incorporated herein by this reference. The decedent, *102 Wilson Linn Hemingway, a widower, died on September 22, 1954. He resided in St. Louis, Missouri. Miriam Hemingway Bealke and the Mercantile Trust Company, hereinafter referred to as the petitioners, are the duly appointed and acting co-executors under the will. On December 15, 1955, petitioners filed an estate tax return with the district director of internal revenue at St. Louis, Missouri. On October 2, 1957, petitioners filed a claim for refund with the district director. On July 10, 1958, respondent denied the claim with respect to the issues raised therein concerning a deduction for attorney and accountant fees, the value of Hale Bath House, and the value of decedent's St. Louis residence. Petitioners chose to value the estate as of September 22, 1954, the date of decedent's death. [1]
Since October 6, 1954, the date letters testamentary were granted, petitioners have incurred expenses in the amount of $1,447.64 in the administration of the estate, which have been allowed by the Probate Court of the City of St. Louis. In December 1952 decedent purchased a residence *103 located in St. Louis, Missouri, for $22,500. The neighborhood was formerly considered a restricted residential district but for years had been on the decline. Economic and social changes in the area made the neighborhood less desirable for exclusive residential purposes and the real estate became less marketable. The previous owner had purchased the residence sometime in 1950 at a price approximately $5,000 more than the amount paid by decedent. Petitioners employed a St. Louis firm to appraise the property. The appraiser set the value at $24,000 as of November 1, 1954, which figure was used in the estate tax return. On November 16, 1956, petitioners sold this realty for $19,500. The residence had been on the real estate market for at least a year and a half prior to the sale. The house was in the hands of a real estate agent who displayed the property to prospective purchasers but no offers were received until the actual sale. The value of decedent's St. Louis residence in September 1954 was $21,000. The Hale Bath House is located in Hot Springs National Park, Arkansas. On December 1, 1938, the United States leased the realty upon which the bath house is located to decedent *104 and his wife for a term of 20 years commencing January 1, 1939. The lease, inter alia, fixed the annual rent to be paid to the United States based on the number of bath facilities installed and the terms and conditions under which the premises were to be operated. The lease could be forfeited for breach of the conditions contained in the instrument. In the event of forefeiture or the expiration of the lease, the current lessees were to be reimbursed by the new lessees for the value of the "buildings, fixtures, stock, equipment and other property" on the premises. An appraiser was employed by the estate to appraise the bath house. He fixed the value of the property at $40,000, which figure was used in the estate tax return. The Annual Reports filed by decedent with the Department of the Interior contained the following information: Year
Total Net Income
1950
$ 558.90
1951
2,232.38
1952
1,227.10
1953
2,332.26
1954
221.88
The total value of the bath house and equipment was originally in excess of $100,000, as disclosed in such Annual Reports, and was, as of December 31, 1954, in excess of $20,673.93 after the deduction of accumulated depreciation in *105 the amount of $79,750.34. The value of the Hale Bath House on the basic date was not proven to be less than $40,000. The decedent owned approximately 100 acres of farm land located in St. Louis County, Missouri. The farm's terrain is generally rolling. Ravines cut through the southeast corner and the northeast part of the farm. Approximately 20 acres are in second-growth timber. Generally, the farm lies in that portion of the county which is bordered on the north by Highway 40, on the south by Clayton Road, on the east by Woods Mill Road, and on the west by Schoettler Road. Clayton Road is one-half mile south of the farm. Over-all, the farm is roughly in a T-shape, with 90 acres forming the cross part of the "T" and 10 acres forming the leg. Approximately 500 feet of the east line of the 10-acre tract fronts on Schoettler Road, which runs in a northwesterly direction from Clayton Road to Highway 40. The bulk of the land is situated some 2,000 feet from Schoettler Road. The realty is 15 miles west of St. Louis and 12 miles west of Clayton and University City. The rural communities of Manchester and Baldwin are about 2 miles to the south, and Ellisville is 4 1/2 miles southwest *106 of the farm. Manchester is 15 miles from St. Louis. The buildings are located along the south boundary of the 90-acre tract. Egress and ingress are by way of a country lane, a half-mile in length, running from Schoettler Road. The lane runs across the adjacent farm [to the south] and is protected by a perpetual easement. The farm buildings consist of a two-story frame house of the type built prior to 1900, garage, small smoke house, small summer kitchen, small barn, hog house, and small machine shed. The house contains six rooms and a fruit celler. It had no central heating and was in need of paint. The farm had electricity. The nearest piped water was at Mason Road, approximately 4 miles to the east. No gas for fuel purposes and no sewage facilities were available. Water for household purposes was supplied by a cistern which had to be filled with purchased water in dry seasons. Livestock was watered from springs in the pastures. A plentiful supply of water could be obtained only by drilling a well at least 400 feet in depth. The farm was used for agricultural purposes, with about 50 acres in crops and with some livestock. The soil was of moderate fertility. Roughly 80 *107 per cent of the surrounding land was devoted to farming. The remaining portion was taken up by the small rural communities, some country estates, small clusters of 2 or 3 houses, and scattered single-family dwellings. Some of the residents of the area, including the rural communities of Manchester, Baldwin, and Ellisville, worked in St. Louis. The nearest school was in Ellisville. The average size of the farms in the area was 40 to 50 acres. Farms above the average size sold at a lesser price per acre than those of average size. The nearest subdivision, except for those which grew up in or around the rural communities, was at Balsall Road, 5 miles east of the farm. Petitioners employed an appraiser who valued the farm property at $33,000, or $330 per acre, which value was used in the estate tax return. Respondent's expert witness appraised the property at $70,000, or $700 per acre. The value of the Hemingway farm was $45,000, or $450 per acre. Opinion VAN FOSSAN, Judge: Our sole task in this case is to determine the fair market value of three pieces of property. The accepted test of fair market value is, what price the property will command in a transaction between a *108 willing seller and willing buyer, both being aware of the facts and best uses for the property, and neither being under any compulsion to sell or buy. Estate of Henry E. Huntington, 36 B.T.A. 698. Respondent determined that the fair market value of the decedent's St. Louis residence was $24,000, the value reported in the estate tax return. Petitioners now maintain that the value of the property was overstated in the estate tax return and that it had a fair market value not in excess of $19,500. We have found as a fact that the residence was worth $21,000 at decedent's death. This figure will be employed in the recomputation consequent hereon. The second piece of property is the Hale Bath House originally appraised at $40,000, which was the value returned by the petitioners. Respondent now contends that the $40,000 value so fixed by petitioners was the true fair market value of the bath house. Petitioners claim that the property was worth in the neighborhood of $7,000. The evidence does not support petitioners' position and we accordingly find that respondent did not err in accepting the value originally determined by petitioners and used in the estate tax return. *109 The value of the Hale Bath House was not proven to be less than $40,000. The third piece of property was the Hemingway farm, which was valued by petitioners in the estate tax return at $33,000, or $330 per acre. Respondent's witness valued the premises at $700 per acre. After full consideration we have found as a fact that the land had a fair market value of $45,000 on the basic date. Decision will be entered under Rule 50. Footnotes
1. The findings of fact are with reference to the facts as they existed in 1954, unless otherwise noted.↩